CHARLES W. HUNTER, Plaintiff in Error, *v.* THOMAS MIDDLETON, Defendant in Error.

ERROR TO MADISON.

The acknowledgment and recording of a town plat, vests the legal title to the ground appropriated to streets and alleys in the corporation of the town, for the uses and purposes of the public.

The decision in the case of Canal Trustees *v.* Haven, 11 Ill. 554, cited and confirmed.

The title to streets and alleys may revert to the original proprietor, on the destruction of the corporation, or on abandonment of the ground appropriated to streets and alleys, but until such reversion, the fee is out of the original proprietor.

The person making such plat and dedication, not having the legal title nor exclusive right of possession, cannot bring an action of trespass for an injury to the soil or freehold, as in the case of highways.

THIS is an action of trespass *quare clausam fregit*, brought by the plaintiff against the defendant, in the Madison County Circuit Court, at the August term, A. D. 1850, for erecting a lime kiln for the purpose of burning lime, and for quarrying and carrying away rock and converting the same to his own use, upon the close of the plaintiff; to which the defendant pleaded not guilty, and thereupon issue was joined to the country. A trial was had at the March term, A. D. 1851, by a jury before Underwood,

Judge, which resulted in a verdict and judgment for costs, in favor of defendant.

Upon the trial of the cause, it appeared, from the evidence introduced, that the plaintiff was the owner in fee simple, of a part of fractional section 13, township 5, north of range 10, west of the third principal meridian, particularly described by metes and bounds; that in the year 1820 he laid out and platted a part of said lands into blocks and lots with streets and alleys marked thereon, which plat was duly acknowledged in July, 1825, and recorded in the office of the Recorder of Madison county, on the 17th day of August in the year 1825, as an addition to the town, now city of Alton; that in the year 1835 the land embraced in said plat was platted again with some alterations, but that these alterations were not upon the *locus in quo,* which new plat was acknowledged on the 15th day of February, 1837, and recorded in said Recorder's office in the same year; and that the trespasses complained of, were for quarrying, digging and carrying away large quantities of lime rock from a stone quarry in Pear street, between blocks numbered 27 and 28, and in an alley laid out and platted on the recorded plats of said addition, which alley extended through blocks 28 on said plats, and that the rock was quarried and taken away, for the purpose of being burned and made into lime by said defendant, without the consent of said plaintiff.

Evidence was also offered by the plaintiff, to prove that the street and alley above described, were and are impassable (as such street and alley) without being improved; that large quantities of rock can be taken out of said quarries on the *locus in quo,* without operating in the least against the use of said street and alley, as public highways, and in fact, that the excavation and quarrying of said rock is absolutely necessary, in order to reduce said street and alley to the grade established by the city of Alton; to all which evidence defendant objected being heard, and moved that the evidence already introduced should be excluded from the jury, which objection the court sustained, and refused to let the evidence thus offered go to the jury, and excluded from the jury the evidence then already given; and there being no evidence before the jury of any trespass except

as aforesaid, they returned a verdict for defendant; to all which decisions and opinions of the court, the plaintiff at the time excepted and now brings his case into this court.

DAVID J. and HENRY S. BAKER, for plaintiff.

The dedication by the owner of lands which he lays out into town lots, streets and alleys, &c., of the streets and alleys to the public, as such, does not deprive him of his ownership in the minerals and quarries and strata of lime rock under the surface of such streets and alleys, and he can maintain an action against those persons who, without his license, dig out and carry away the minerals and rock; unless dug out and carried away by the authority of the town, for the purpose of grading and improving the streets and alleys, when such acts may be considered as authorized by and incident to the dedication.

The lord or owner of the soil of the highway shall have an action of trespass for digging the ground. 2 Str. 1004; 8 E. 4, 9; Cortelyou *v.* Van Brunt, 2 Johns. R. 357.

The law is well settled, that when a mere easement is taken for a public highway, the soil and freehold continue in the owner of the land, encumbered only with the easement, or right of passage in the public. Fairfield *v.* Williams, 4 Mass. 427; Pearley *v.* Chandler, 6 Id. 454; Stackpole *v.* Healey, 16 Id. 33; Mayor of Savanah *v.* Steamboat Company, R. M. Charlton's Rep. 342; United States *v.* Harris, 1 Sumner, 21, 37. See the doctrine in 3 Kent, 432, 433, and notes.

The dedication of a street to the public, is only a dedication of the right of passage to the public, so far as the public have occasion to use it, and was never understood to be a transfer of an absolute property in the soil. City of Cincinnati *v.* Lessees of White, 6 Peters, 437.

When a highway is laid out over the land of a private person, the public acquires no more than a right of way or easement and the title of the original proprietor continues; he may use the land in any way not inconsistent with the public right; is entitled to all mines, &c., and may maintain trespass or ejectment in relation to it. Jackson ex dem. Geates et al. *v.* Hathaway,

15 Johns. 447. Platt, J. delivering the opinion of the court in this case, says, " Highways are regarded in our law as easements. The public acquires no more than the right of way, with the powers and privileges incident to that right, such as digging the soil and using the timber and other materials found within the space of the road, in a reasonable manner for the purpose of making and repairing the road and its bridges. When the sovereign imposes a public right of way upon the land of an individual, the title of the former owner is not extinguished, but is so qualified that it can only be enjoyed subject to that easement. The former proprietor still retains his exclusive right in all mines, quarries, springs of water, timber and earth, for every purpose not incompatible with the public right of way. The person in whom the fee of the road is, may maintain trespass, ejectment, or waste," &c. See also Oakley v. Stanley, 5 Wend. 523; In the matter of Lewis Street, 2 Wend. 472; Noyes v. Chapin, 6 Wend. 464; Holiday v. Marsh, 3 Wend. 142; In the matter of Seventeenth Street, 1 Wend. 262; Livingston v. Mayor of New York, 8 Wend. 85.

The fee of the soil remains in the original owner, where a public road is made upon it, but the *use* of the road is in the public. The owner parts with the use only; for if the road should be vacated by the public, he resumes the exclusive possession of the ground, and while it is used as a highway, he is entitled to the timber and grass which may grow upon the surface, and to all minerals which may be found beneath it. Barclay et al. v. Howell's Lessees, 6 Peters, 498.

The owner of the soil of a highway has the same remedies, by action of trespass or ejectment, to prevent encroachments and to defend his rights against the adverse occupancy of another as the owners of land not subject to any easement. Reed v. Leads, 19 Conn. R. 182, cited in 1 U. S Law Magazine and Examiner, 100.

There is no evidence of the acceptance of the dedication of the *locus in quo*, either by the use thereof as such street and alley, or by the purchase of lots in said addition, and until the acceptance the plaintiff's title and right of use remain as though no dedication had been proposed or marked on the plat.

" The mere laying out a town upon a man's own land and by his own private act, and the making and recording a plan of the town, may not, and as we suppose, do not, of themselves, conclude him to any extent. The land, notwithstanding these acts, is still his own, and neither any other individual, nor the public, have any right to interfere with such use of it as any man may lawfully make of his own," &c. Marshall, C. J., in the case of Rowan's Executors *v.* The Town of Portland et al., 8 B. Mon. Rep. 236.

DAVIS and EDWARDS, for defendant.

TREAT, C. J. We adhere to the opinion, expressed in the case of the Canal Trustees *v.* Havens, (11 Ill. 554,) that the acknowledgment and recording of a town-plat vests the legal title to the ground embraced by the streets and alleys in the corporation of the town. The statute in substance declares, that these acts of the proprietor shall operate to vest the fee in the corporation, in trust for the uses and purposes of the public. By making and recording the plat, he voluntarily parts with the title to the streets and alleys, and transfers it to the corporation. The legal effect is precisely the same as if he had made a conveyance directly to the corporation. . The latter holds the legal estate for the benefit of the public. The title may, perhaps, revert to the former owners on the destruction of the corporation, or on the abandonment of the ground for the purposes of streets or alleys. But, until the estate is thus defeated, the fee is as completely out of him as if he had made an absolute and unconditional conveyance. While the fee continues in the corporation, he has no greater interest in the streets and alleys than any other person — the right of passage over them. Having neither the legal title nor the exclusive right of possession, he cannot bring trespass for any injury to the soil or freehold. He has no title to be assailed, no possession to be invaded. A party who conveys away a tract of land in trust, cannot maintain trespass or ejectment for any injury thereto until the purposes of the trust are accomplished and the title has reverted. And this case is not different in principle. The evidence clearly showed that

the plaintiff had no cause of action. The acts complained of affected the corporation only, and for which it alone could seek redress. This is not like the case of a highway, in which the public acquire but a right of way or passage. The title still remains in the former proprietor, or his grantor, burdened only with the public easement, and he can maintain an action for any injury to the soil not resulting from the legitimate use of the highway.

The judgment is affirmed.

*Judgment affirmed.*