SAMUEL EWING

*v.*

SANDOVAL COAL AND MINING COMPANY.

*Filed at Mt. Vernon June 13, 1884.*

1. ALLEGATIONS AND PROOFS—*must correspond.* As a general rule, in equity the proofs and allegations of the bill must correspond, and a party will not be entitled to relief, although the evidence may establish a clear case in his favor, unless there are averments in the bill to support the case made.

2. PAROL EVIDENCE—*to show mistake in a written instrument.* Parol evidence is admissible on a bill in equity to reform a written contract on the ground of mistake, to establish the fact of there being a mistake; and such cases, like cases of fraud, form an exception to the general rule, which excludes parol evidence to vary written contracts.

3. MISTAKE—*of the quantum of evidence.* A deed or other instrument of writing should not be reformed for mistake unless the evidence of it is clear and positive. The mistake must be clearly made out by satisfactory proofs.

4. GRANT *of right to mine and remove coal—of rights incident thereto —relief in chancery without special prayer.* A deed giving the grantee the right to mine, excavate and remove coal under a certain tract of land, carries with it, as an incident, the right to go upon the land and dig for coal, or to sink a coal shaft. And it is not necessary that a bill to reform a deed conveying such right to mine coal, for a mistake in the description of the land, should contain a special prayer for a decree authorizing the grantee to go upon the land. The deed, when corrected, confers this right of itself.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. W. & E. L. STOKER, and Mr. G. VAN HOREBEKE, for the plaintiff in error:

A complainant can not make out one case by his bill and another by the proofs. The allegations and proofs and decree must agree. *Hall et al.* v. *Towne,* 45 Ill. 495.

A party complainant must stand or fall by the case he makes in his bill. *White* v. *Morrison,* 11 Ill. 361; *Bowen* v. *Bowles,* 21 id. 17; *Chaffin* v. *Heirs of Kimball,* 23 id. 36; *Ohling* v. *Luitjens,* 32 id. 23; *McKay* v. *Bissett et al.* 5 Gilm. 505.

The evidence must be clear and positive that the mistake was made, and also that the conditions precedent were all strictly complied with by the grantee, before a court of equity will reform the deed and compel a specific performance. 1 Story's Eq. Jur. secs. 160, 161, note 2, and sec. 165.

The court erred in granting a decree for more than the allegations of the bill asked or complainant prayed for. It authorized the complainant to sink a shaft upon the defendant's land and excavate coal. *Simons* v. *Guthrie,* 9 Cranch, 19; *Hall et al.* v. *Towne,* 45 Ill. 493.

Mr. HENRY C. GOODNOW, and Mr. C. E. JENNINGS, for the defendant in error:

Chancery has jurisdiction to correct mistakes. A remote grantee may compel the correction of a mistake. *Mills et al.* v. *Lockwood,* 42 Ill. 111; *Wilson* v. *Byers et al.* 77 id. 76; 1 Story's Eq. 169, sec. 165.

If the plaintiff in error sold the right to mine coal under his land, then, under the familiar principle of law that he who sells another a piece of property also sells the right to enjoy it, he sold the right to enter upon the land and dig for the coal, otherwise the purchaser could not enjoy the property purchased. The defendant is a remote grantee of the plaintiff, hence it can enforce its equity and have the mistake

corrected. 1 Story's Eq. sec. 165; *Mills et al.* v. *Lockwood,*
42 Ill. 111; *Wilson* v. *Byers et al.* 77 id. 76.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by the Sandoval Coal
and Mining Company, against Samuel Ewing, to correct a
mistake in a deed executed on the 6th day of November,
1877, by Samuel Ewing, to Ozias Townsend, in trust for the
St. Louis and Sandoval Coal and Mining Company. The
deed conveyed the exclusive right to mine and excavate for
coal, and to remove the same under and beneath the east
half of the north-west quarter of section 17, township 2, north
of range 1, east of the third principal meridian, in Marion
county, and it is alleged in the bill that it was the intention
to convey the east half of the north-east quarter of section 17;
that the scrivener by mistake inserted in the deed, "east half
of the north-west quarter of section 17," when the grantor
and grantee intended to insert in the deed, "east half of the
north-east quarter of section 17." The defendant put in an
answer to the bill, and the court, on the hearing, found that
all the material allegations of the bill were sustained by the
evidence, and rendered a decree as prayed for in the bill, to
reverse which the defendant sued out this writ of error.

It is first contended that the decree is erroneous because
the allegations and proofs do not agree. In proceedings in
equity, as a general rule, the proofs and the allegations of
the bill must correspond, and a party will not be entitled to
relief, although the evidence may establish a clear case in
his favor, unless there are averments in the bill to support
the case made. (*Morgan* v. *Smith,* 11 Ill. 194.) But upon
an examination of the allegations of the bill, and the evidence
introduced in support of those allegations, we find no sub-
stantial variance upon any material averment. A mistake
in the description of the land embraced in the deed is alleged,

and that is established by evidence. It does not militate against the decree that the mistake was established in part by parol evidence. Upon this point, Story, sec. 156, says: "We must therefore treat the cases in which equity affords relief, and allows parol evidence to vary and reform written contracts and instruments upon the ground of accident and mistake, as properly forming, like cases of fraud, exceptions to the general rule, which excludes parol evidence, and as standing in the same policy as the rule itself." A deed or other instrument of writing should not be reformed unless the evidence of mistake is clear and positive,—or as said by Story, sec. 157: "Relief will be granted in cases of written instruments only where there is a plain mistake, clearly made out by satisfactory proofs."

But it is said that the court erred in decreeing more relief than the allegations of the bill and prayer asked, in this, that the decree authorizes complainant to enter upon defendant's land and sink a coal shaft. The right to mine coal on the land was conveyed by the deed, and the right to go upon the land and dig for coal passed as an incident to the conveyance. We do not think it was necessary for complainant's bill to contain a special prayer for a decree authorizing him to go upon the land. That followed as a matter of course. When the mistake was corrected the deed conferred the right to go upon the land and mine the coal, as specified in the deed. But even if it was necessary for the complainant to pray for relief of this character, the prayer for general relief was all that was required.

In conclusion, we think the evidence fully sustains the decree, and we perceive no substantial error in the record. The decree of the circuit court will be affirmed.

*Decree affirmed.*