## Melissa F. McKinstry, Adm'r, etc., v. Robert Elliott.

1. PAROL EVIDENCE—*Admissible in Court of Equity to Prove Mistake in Written Contract.*—In a written contract for the payment of a given sum of money for the purchase and sale of lands, where a mistake is made by omitting to state the manner of arriving at the amount agreed to be paid, it is competent to allege and prove the mistake in a court of equity, and parol evidence is admissible for such purpose.

2. CITY COURTS—*Jurisdiction in Probate Matters.*—The act in relation to courts of record in cities, Par. 240 of Ch. 37, Hurd's R. S., 1899, gives city courts jurisdiction in probate matters.

**Bill in Chancery.**—To reform a written contract. Appeal from the City Court of Mattoon; the Hon. J. F. HUGHES, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

**Statement.**—This was a bill in chancery, brought in the City Court of Mattoon by Robert Elliott against Lewis L. Lehman, Melissa F. McKinstry, Felix McKinstry, the First National Bank of Mattoon, Illinois, and Melissa F. McKinstry, administratrix of the estate of Jonas McKinstry, deceased, to reform a certain written contract for the sale of certain real estate and the deed thereto, and other relief. The bill alleges that on January 24, 1898, one Jonas McKinstry owned and possessed the northeast quarter of section 36, town 13 north, range 7 east, and all that part

of the northwest quarter of section 31, town 13 north, range 8 east, that lies west of the Illinois Central Railroad Company's right of way, all situated in Coles county, Illinois; that the legal title to the same was in Lewis L. Lehman in trust for himself, the First National Bank of Mattoon, of which he was president, and the Northwestern Mutual Life Insurance Company, subject to the sale and disposition of the same by Jonas McKinstry, the liens and claims of said Lehman, Bank and Insurance Co. to be first paid out of the proceeds of such sale, and the remainder thereof to belong to Jonas McKinstry. That on January 24, 1898, Jonas McKinstry sold to Robert Elliott the above described land, by the terms of which sale Robert Elliott was to be given a warranty deed therefor, subject to two mortgages thereon, made to said insurance company, which will be due in April, 1900. That at the time of making such sale, Jonas McKinstry falsely and fraudulently assured Robert Elliott that the last above described tract of land contained 116 acres, although Jonas McKinstry knew it did not, and Robert Elliott relied upon that assurance, and then and there agreed to pay $70 per acre for the first above described tract, and $65 per acre for the last described tract.

That on January 25, 1898, a written agreement was entered into as follows, to wit:

"This memorandum of agreement is to witness that Jonas McKinstry has sold to Robert Elliott the N. E. ¼ of Sec. 36, T. 13 N., R. 7 E., and 116 a., being all of N. W. ¼ Sec. 31, T. 13 N., R. 8 E., west of I. C. R. R. right of way, for the sum of $18,740, to be paid as follows:

$5,500 thereof represented in two mortgages to the N. W. Life Insurance Co., in April, 1900, to be assumed by said Elliott, with interest at six per cent from February 1, 1898.

$3,000 cash in hand on delivery of deeds, etc.

$2,000 to be due March 1st, 1899.

$2,000 to be due March 1st, 1900.

$2,000 to be due March 1st, 1901.

$2,000 to be due March 1st, 1902.

$2,240 to be due March 1st, 1903.

These five notes to draw interest at seven per cent from

McKinstry v. Elliott.

February 1, 1898, and are to be payable at option of Elliott before the dates stated.

It is further understood that all prior liens, except the above mentioned mortgages, shall be at once removed and warranty deed executed by said McKinstry and wife and Lewis Lehman and wife to Robert Elliott.

> The First Nat. Bank Mattoon. [Seal.]
> By L. L. Lehman, Pt.
> Jonas McKinstry.     [Seal.]
> Lewis L. Lehman.     [Seal.]
> Robert Elliott.     [Seal.]"

That by some inadvertency, it was not stipulated in that written agreement how much per acre Robert Elliott was to pay for the respective tracts of land, although the agreement was, in fact, that he was to pay $70 per acre for the first above-described tract (figured at containing 160 acres), and $65 per acre for the last above described tract (figured as containing 116 acres), which made the amount of the consideration set forth in the written agreement.

That Jonas McKinstry died intestate on February 2, 1898, leaving as his widow Melissa F. McKinstry, and Felix McKinstry, his only child. That Melissa F. McKinstry has been appointed administratrix of the estate of Jonas McKinstry, deceased, and Felix McKinstry is a minor under the age of twenty-one years.

That on February 10, 1898, Melissa F. McKinstry, Lewis L. Lehman, and his wife, Ella Lehman, executed and delivered to Robert Elliott a warranty deed for the express consideration of $17,240, by which there was conveyed the two tracts of land above described, the last one being described in said deed as " containing one hundred and sixteen acres of land, more or less." And it is recited in said deed, and the fact is, that "it is agreed that as part of the consideration, the grantee, Robert Elliott, assumes the payment of two certain mortgages executed by Jonas McKinstry and wife, to the Northwestern Mutual Life Insurance Company, one for $3,000, dated March 23, 1895, recorded book 56, p. 346, and the other for $2,500, dated April 24, 1895, recorded book 56, p. 347, Coles Co., Ills., both due in five years after the date thereof, both being on parts of

the above described tracts of land, with interest thereon from February 12, 1898." That upon the delivery of said deed to Robert Elliott, he, believing there were 116 acres in said last described tract of land, paid $3,000 cash, and delivered the five notes, four for $2,000 each, and the fifth for $2,240, due on March 1, 1899, 1900, 1901, 1902 and 1903, respectively, and that he assumed the two mortgages to the Northwestern Mutual Life Insurance Company, all in accordance with the terms of the written agreement.

That the said notes were executed in accordance with the agreement between Jonas McKinstry and Lewis L. Lehman, trustee, for himself, said bank and said insurance company, to said bank; that out of the $3,000 cash which Robert Elliott paid for said deed, $1,000 thereof was paid to Lewis L. Lehman for the First National Bank, and the balance of $2,000 was paid to Melissa F. McKinstry as administratrix of the estate of Jonas McKinstry, deceased.

That Felix McKinstry did not join in said deed, nor has he in any way released his rights and interests in said premises.

That at the time the contract of purchase for said land was made as aforesaid, at the time the deed was made and delivered, at the time the money was paid and the notes delivered, and the two mortgages aforesaid were assumed by Robert Elliott, he relied solely upon the representations made to him by Jonas McKinstry and upon the terms of the agreement that the tract of land he purchased, which laid west of the Illinois Central Railroad Company's right of way, contained 116 acres, but that after taking possession thereof, he (Elliott) became convinced that said tract of land did not contain 116 acres, and upon having the same surveyed he discovered that it contained only ninety-nine and three-quarters acres.

That when said deed between Robert Elliott as grantee, and Louis L. Lehman and wife, Ella, and Melissa F. McKinstry, for said two tracts of land was executed, a mistake was made by the scrivener, wherein the words "more or less" were added after the words "one hundred and sixteen acres."

That Robert Elliott had applied to Lewis L. Lehman, the First National Bank, and Melissa F. McKinstry in her own person and as administratrix as aforesaid, to have the deed corrected in accordance with the agreement, and Robert Elliott placed in possession of 116 acres of land, in the northwest quarter of section 31, town 18 north, range 8 east of the 3rd P. M., that lies west of the Illinois Central Railroad Company's right of way, or be reimbursed or given credit for the money paid by Robert Elliott for land over and above 99¾ acres, being 16¼ acres, at the rate of $65 per acre, as provided in said agreement of purchase as actually made; or that the First National Bank return to Robert Elliott that part of the cash payment which was given for 16¼ acres at $65 dollars per acre, which is not conveyed by said deed by reason of there being only 99¼ acres in the tract of land last described in said deed.

That notwithstanding said requests, said parties each have failed and refused to comply with any of said requests; therefore Robert Elliott is without remedy except in a court of equity, to which end he makes said Lewis L. Lehman, Melissa F. McKinstry, Felix McKinstry, the First National Bank of Mattoon, and Melissa F. McKinstry, administratrix of the estate of Jonas McKinstry, deceased, parties defendants to this bill, and asks that they each be directed by the court to answer same, but not under oath, the answer under oath being waived; that a guardian *ad litem* be appointed for Felix McKinstry, who is a minor, and that the said written agreement as signed, may be reformed and altered by there being added thereto the price per acre, as agreed upon by the parties; and that said deed so executed on February 10, 1898, may be reformed and corrected in accordance with the terms of the agreement as actually made; and that the defendants may be decreed to pay Robert Elliott all sums of money that he paid them for more than 99¾ acres in the northwest quarter of section 31, town 13 north, range 8 east of the 3rd P. M., that lies west of the Illinois Central Railroad Company's right of way; or that Robert Elliott be given credit for said money so overpaid

to defendants upon the notes so executed and delivered in accordance with the terms of the agreement as actually made; and that Felix McKinstry may be decreed to specifically perform the said agreement for the sale and purchase of the said premises, by executing a deed to Robert Elliott for all interest that he has in said premises; and that Robert Elliott may be decreed such other and further relief as in equity he is entitled to.

Melissa F. McKinstry, as widow of Jonas McKinstry, deceased, and as administratrix of his estate, answered the amended bill by admitting all of the allegations thereof, except she denied that Jonas McKinstry represented that that part of the northwest quarter of section 31, town 13 north, range 8 east of the 3rd P. M., which lies west of the Illinois Central Company's right of way, contained 116 acres of land, save that the said McKinstry might have given such amount as his estimate, etc.

And she denied that there was anything omitted or left out that was intended to be inserted in said written agreement or memorandum of agreement, signed by said Jonas McKinstry, Lewis L. Lehman, Robert Elliott, and the First National Bank, as per the contract set out in said bill; and she also denied that there was any error or mistake in the said deed, but that said words " more or less," were inserted therein to more completely and fully carry out the agreement set out in the bill theretofore entered into, it not having been known to either of the parties to said agreement just how many acres there were in the said N. W. ¼ section lying west of the right of way of said railway company. She also denies that as administratrix aforesaid, or in her individual capacity, she received $2,000 as a part of the proceeds of said sale; but admits that she, as administratrix, in April, 1898, received from said Lewis L. Lehman, $570.33 as part of the proceeds of said sale made to Robert Elliott, which amount has been intermingled with the assets of the estate. She also neither admits nor denies the number of acres there are in said northwest ¼ of section 31, west of said right of way.

Lewis L. Lehman and First National Bank of Mattoon answer the amended bill by admitting that Lehman held the legal title in trust for the bank and other creditors, but not in trust for himself, as he was not a creditor of said McKinstry and has no beneficial interest; such title subject to sale and disposition by McKinstry upon payment of indebtedness. Admit signing the memorandum of agreement as set out in the bill; that Lehman signed the same for himself and for the bank. Had no knowledge of any misrepresentation, as charged, as to the quantity of the land, nor of any specific prices per acre, but understood the same in gross as set forth. Deny any omission by inadvertency in the written contract, but charge that it was written according to the agreement and understanding, and known by them. Admits death of McKinstry and appointment of administratrix.

Admits the making of the deed and the payments for said land as charged.

Charges that Lehman conveyed all the land that he held in trust for said McKinstry and creditors, and that he had no knowledge of the quantity of land at the time of signing the agreement and executing such deed.

Denies that the scrivener made a mistake by inserting the words, " more or less," in the deed, and avers that they were intentionally inserted therein.

Charges that complainant was acquainted with the said land and had better opportunities of knowing the exact quantity than the defendants; that he accepted said deed without objection; and that thereafter defendant Lehman, after satisfying all the indebtedness for which he held the said land in trust, turned over to the personal representative and heir of said Jonas McKinstry the net proceeds and other property, and had not at the time of filing said bill, any real or personal property belonging to the estate of said McKinstry in his possession or under his control, and he released other security.

Charges that the proceeds by the term of said sale as claimed would have been insufficient to pay the indebted-

ness for which it was pledged, and would not have released other property.

Felix McKinstry answers by his guardian *ad litem*, setting up he was a minor, and submitting his rights to the court, etc.

General replications were filed to each of the answers.

The proceeding was heard by the court on above pleadings and the evidence taken before the court. From the evidence the court found for the complainant, and decreed that defendant, Melissa F. McKinstry, as administratrix of the estate of Jonas McKinstry, deceased, pay complainant the sum of $1,040 with interest thereon at the rate of five per cent per annum, from February 10, 1898; and that the said sum be paid without regard to whether or not a deficit exists in the assets of said estate; and that said administratrix pay the costs. The court also decreed that the master in chancery of the court execute and deliver to complainant as deed for the premises described in the amended bill, conveying to complainant all interest that Felix McKinstry, the minor defendant, may have therein.

The evidence and admissions in the pleadings showed that on January 24, 1898, Jonas McKinstry owned the two tracts of land described in the amended bill; that the legal title thereto was in defendant Lehman, who held it, with other lands of Jonas McKinstry, subject to a mortgage in trust for the First National Bank of Mattoon, and subject to sale by Jonas McKinstry, with the understanding that out of the proceeds of the sale the said bank and said insurance companies should be paid the amounts owing them by Jonas McKinstry respectively, and that all over those amounts should go to Jonas McKinstry.

On or about January 24, 1898, Jonas McKinstry represented to complainant that that part of the N. W. $\frac{1}{4}$ of Sec. 31, town 13 N., R. 8 E. of the 3rd P. M., in Coles county, Illinois, that lies west of the Illinois Central Railroad Company's right of way, contained 116 acres, and sold it to him at $65 per acre, making, therefore, the sum of $7,540; and at the same time sold him the N. E. $\frac{1}{4}$ Sec. 36, Tp. 13 N., R. 7,

E. in Coles county, Illinois, containing 160 acres for $70 per acre, making the sum of $11,200 therefor, thus making $18,740 for both tracts of land, and complainant agreed to purchase same for the amount, believing the tracts of land contained the number of acres as represented.

The First National Bank of Mattoon agreed to the terms of such sale, with the understanding that out of the proceeds Jonas McKinstry be. paid the surplus over and above the amount due the said bank and said insurance company, and the agreement of sale so made was attempted to be reduced to writing, and as written was signed as stated in the amended bill. The agreement, as written, does not express the contract of sale as actually made, but through a mutual mistake of the parties thereto, did not stipulate the price per acre the land was sold for, as it should. The tract of land described in the written agreement and deed as containing 116 acres, only contains by actual survey 100 acres. Jonas McKinstry, when he sold these lands to complainant, Robert Elliott, knew that the tract of land in dispute only contained 100 acres, while Elliott, believing from Jonas McKinstry's representations that it contained 116 acres, bought it as such and agreed to pay therefor $65 per acre.

On February 2, 1898, before the deed was executed in accordance with the said contract of purchase, Jonas McKinstry died intestate, and left Melissa F. McKinstry, his widow, and Felix McKinstry, his only child, who is a minor, and his only heir at law. On February 10, 1899, Melissa F. McKinstry, Lewis L. Lehman and wife, executed and delivered to complainant the warranty deed described in the bill. On February 15, 1898, Melissa F. McKinstry was duly appointed administratrix of the estate of Jonas McKinstry, deceased. Robert Elliott paid to said Lehman, in cash and notes, and mortgage assumed, the amount of $18,740, in accordance with the contract of purchase for said land, and said Lehman applied all of said proceeds in accordance with the said contract between himself and Jonas McKinstry when said lands described in the amended bill (and other lands of Jonas McKinstry) were deeded to him

by Jonas McKinstry in trust as stated in the amended bill; and that there was a surplus of such proceeds after deducting the indebtedness of Jonas McKinstry which was owing to said bank, and said insurance company, which was a charge against such proceeds, amounting to the sum of $1,576.73; from which surplus was paid $1,006.40 to the Mattoon States Savings Bank in discharge of a note owing to it by the said Jonas McKinstry in his lifetime, and $570.33 thereof was paid to Melissa F. McKinstry, administratrix of the estate of Jonas McKinstry, deceased.

After said note to said savings bank was paid from said surplus, said Lehman released to the estate of Jonas McKinstry, deceased, all interest he had as trustee or otherwise, in the other lands of Jonas McKinstry which he had in his hands, beside the lands described in the amended bill, which other lands amounted in value to about $6,000, and said estate thus obtained the benefit of such release.

### ASSIGNMENT OF ERRORS.

First. The court erred in admitting parol evidence to change the written agreement for the sale and purchase of the real estate.

Second. The court erred in denying the motion to exclude the testimony of George and Zack Elliott.

Third. The court erred in finding that Jonas McKinstry represented to the complainant that there were 116 acres of land in the tract, and in finding that the complainant relied upon such representation.

Fourth. The court erred in finding that Lewis L. Lehman acted as scrivener and did not reduce the agreement to writing as made, but differently, and that there was a mutual mistake therein.

Fifth. The court erred in its findings on all disputed facts.

Sixth. The court erred in ordering and decreeing that the contract for the purchase and sale of the land be reformed.

Seventh. The court erred in ordering and decreeing that Melissa F. McKinstry, administratrix of the estate of Jonas

McKinstry, deceased, pay to the complainant, Robert Elliott, the sum of $1,049, with interest thereon at the rate of six per cent per annum from the 10th day of February, A. D. 1898, as a preferred claim, and for costs.

### CROSS-ERRORS ASSIGNED.

The court erred in refusing to reform the deed executed by Lewis L. Lehman and wife and Melissa F. McKinstry to Robert Elliott by striking therefrom the words " more or less."

CLARK & SCOTT, attorneys for appellant.

JAMES W. and EDWARD C. CRAIG, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

From the facts admitted by the pleadings and proven by the evidence in this chancery proceeding, as shown in the foregoing statement, we are of opinion that the court properly admitted the oral evidence from which it appears that the real contract of purchase and sale in question, as actually made by the parties thereto, was as is claimed in the amended bill, because in a written contract for the payment of a given sum of money for the purchase and sale of lands,-where a mistake is made by omitting to state the manner of arriving at the amount agreed to be paid, it is competent to allege and prove the mistake in a court of equity, and parol evidence is admissible to prove the same. Ewing v. Sandoval Coal and Mining Co., 110 Ill. 290; Dinwiddie v. Self, 145 Ill. 290; and McFarland v. Williams, 107 Ill. 33.

When the evidence is fully read and considered, we find it satisfactorily appears that appellee purchased of Jonas McKinstry in his lifetime (he having the equitable title thereto) the two tracts of land in question in this case, agreeing to pay therefor $70 an acre for the tract containing 160 acres, and $65 an acre for the other tract then represented by the vendor as containing 116 acres, making in all the total sum of $18,750, for the two tracts. And

when, in pursuance of that agreement, the written contract of sale and purchase set out in the amended bill was made, by mistake of the parties thereto, the same was written up without putting therein the basis of arriving at the amount of the purchase money. The deed set out in the amended bill by mutual mistake of the parties thereto, described the tract west of the right of way of the Illinois Central Railroad Company as containing 116 acres " more or less," when in fact, according to the contract of purchase and sale as actually made, it was warranted by the seller as containing 116 acres, and while the deed, as made, recited a consideration of only $17,240, the consideration actually paid in cash, notes and indebtedness assumed by Robert Elliott was $18,740, being the amount provided for by the contract of purchase and sale.

The evidence showing that there were only 100 acres in fact, in the so-called 116 acre tract, the court properly found by its decree that Elliott had paid $1,040 (being $65 per acre for sixteen acres) in excess of what he should have paid for said tract.

The evidence also showing that the estate of Jonas McKinstry had received in cash from the proceeds of the premises in question, and in increased assets released to it by Lewis L. Lehman, after he received the $18,740 proceeds of the premises in question, which increased assets amounted to more than the said sum of $1,040, the court properly decreed that the appellant, as administratrix of that estate, should pay to Elliott said sum of $1,040 as a preferred claim against the estate, as in equity and good conscience that amount was due him by reason of misrepresentations made as aforesaid; the mistake made in said contract of purchase in said deed; and the payment of that amount in excess of the amount he should have paid, from all of which the estate profited to that extent.

As the evidence showed Felix McKinstry to be a minor, and on that account was under disability to make a deed for his equitable interest in the premises, the court properly decreed that the master in chancery make such deed for him.

Appellant insists that the City Court of Mattoon was without jurisdiction of the subject-matter in this proceeding, but we are of opinion that the statute gives it such jurisdiction. (Paragraph 240 of chapter 37, Hurd's Rev. Statutes, 1899.)

Counsel for appellant insists that the two sons of appellee, who were permitted to testify, are shown by the evidence to have an interest in the result of this case, and are, therefore, incompetent witnesses for appellee; but we fail to discover wherein the evidence shows either of them as having such interest.

The court properly refused to decree a reformation of the deed as prayed in the amended bill, because by decreeing payment of $1,040 to appellee from the estate of Jonas McKinstry, deceased, the words " more or less " in the deed are harmless to appellee, hence the cross-error assigned by appellee is of no force, and the decree will not be reversed or modified on that account.

Finding no reversible error in the proceedings of the trial court in this case, nor in its decree, the latter is affirmed. Decree affirmed.