Tilghman & West *v*. Little.

TILGHMAN & WEST, Appellants, *v.* JOSIAH LITTLE, Appellee.

APPEAL FROM MADISON.

As a general principle, a plaintiff in ejectment must establish a legal title to the premises in controversy; he must recover on the strength of his own title; but there are exceptions to this rule, as where a party is in possession under the plaintiff as tenant or under a contract of purchase; in such cases the plaintiff is not required to make proof of his title.

A tenant may show that the title of his landlord has terminated, and that his relation as tenant is changed; or if he becomes a purchaser under a judgment, he may set up his title in bar of an action brought against him by his landlord.

Parol proof, in an action of ejectment, in reference to the transfer of possession, is proper.

A defendant in ejectment cannot question the validity of the title under which he entered into possession; he must first restore the possession to the party from whom he received it, and then he may attack the title under which his possession was commenced.

THIS cause was heard before UNDERWOOD, Judge, at the March term, 1851, of the Madison Circuit Court. The facts of the case are stated in the opinion of the court.

L. DAVIS and J. GILLESPIE, for appellant.

W. MARTIN and H. W. BILLINGS, for appellee.

TREAT, C. J. This was an an action of ejectment brought by West against Little to recover the possession of two lots in the town of Upper Alton, Madison county.

On the trial, the title to the lots was admitted to have been in Stanton, from whom both parties claimed title. The plaintiff read in evidence a deed from Stanton to the plaintiff for the lots, dated the 8th of February, 1837, acknowledged on the 14th of June, 1843, and recorded on the 16th of October of the

same year. He also proved that the defendant was in the possession of the premises at the commencement of the suit.

The defendant read in evidence the record of a judgment recovered by the State Bank of Illinois against Stanton at the September term, 1841, of the Madison Circuit Court; also an alias execution issued thereon on the 14th of January, 1847, under which the premises in controversy were sold to the bank; also a deed from the sheriff to the bank, dated the 7th of September, 1849; and a deed from the trustees of the bank to the defendant, dated the 30th of March, 1850.

The plaintiff then called John Hogan, and offered to prove by him that in 1835 he purchased the premises from Stanton by parol; that he paid the purchase-money, and took possession of the lots and made valuable improvements thereon; that he continued in the actual possession under claim of title until 1843, when, by an arrangement between himself, West, and Stanton, the latter made the deed directly to the plaintiff; that in 1845 the defendant contracted with the plaintiff for the purchase of the lots, with full knowledge of the judgment against Stanton, and at a price with reference to the judgment; that defendant entered into possession under the contract of purchase, and has remained in possession ever since; that he afterwards refused to comply with the contract of purchase, but claimed title under the purchase from the bank. The court excluded the evidence, and the plaintiff excepted. The defendant had judgment, and the plaintiff sued out a writ of error.

As a general principle, a plaintiff in ejectment must establish a legal title to the premises in controversy. He must recover on the strength of his own title, and not on the weakness of that of his adversary. But there are exceptions to this rule. Such a relation may exist between the parties as will dispense with the production of title on the part of the plaintiff. A party in possession under the plaintiff cannot controvert the title under which he entered. If he was admitted into possession under a contract of purchase with the plaintiff, the latter, in an action to regain the possession, is not required to make proof of his title. And in an action against a tenant the landlord need not show title. The tenant is estopped from denying the title of his

landlord.  His possession is subservient to the title of the party un-
der whom he entered.  He is not permitted to betray the posses-
sion with which he was intrusted.  He cannot set up a better
title in himself or a third person.  Public policy and common
honesty alike forbid that he should do any act which may defeat
or endanger the title of his landlord.  He must surrender up the
possession before he can assail or question the title.  He must
put the landlord in the position he occupied when he parted
with the possession.  The same principle applies to those ac-
quiring the possession from the tenant.  The relation of land-
lord and tenant attaches to all who succeed to the possession
through or from the tenant.  They acquire no greater right than
the party from whom they received the possession.  These con-
clusions are fully supported by authority.  Jackson *v.* Davis,
5 Cowen, 123; Cooper *v.* Smith, 8 Watts, 536; Riley *v.* Mil-
lion, 4 J. J. Marshall, 395; Binney *v.* Chapman, 5 Pick. 124;
Jackson *v.* Spear, 7 Wend. 401; Camp *v.* Camp, 5 Conn. 291;
Anderson *v.* Darby, 1 Nott & McCord, 369; Henley *v.* Bank,
16 Alab. 552; Wood *v.* Turner, 7 Humph. 517.

But the tenant may show that the title of the landlord has
terminated, either by its original limitation, or by a conveyance
to himself or a third person, or by the judgment and operation
of law.  If the landlord transfers the estate, the allegiance of the
tenant is due to the grantee.  If the estate is vested in a third
person by operation of law, the tenant holds the possession sub-
ject to the title of such person.  The tenant may purchase in
the premises under a judgment against the landlord, and set up
the title thus acquired in bar of an action brought against him
by the landlord.  In such cases the relation of landlord and
tenant becomes dissolved, and the latter no longer holds the pre-
mises under the former.  England *v.* Slade, 4 Durn. & East,
682; Jackson *v.* Davis, 5 Cowen, 123; Jackson *v.* Rowland,
6 Wend. 666; Gregory's Heirs *v.* Crabb's Heirs, 2 B. Monroe,
234; Nellis *v.* Lathrop, 22 Wend. 121.

In this case so much of the testimony of Hogan as related to
the transfer of the possession to the defendant was proper, and
should have been admitted.  If he acquired the possession
under a contract of purchase, which he afterwards refused to

perform, but claimed title from another source, the plaintiff was at liberty to treat the contract as rescinded, and bring ejectment to regain the possession. If such is the case, the defendant cannot question the validity of the title under which he entered. He must first restore the possession to the party from whom he received it. It would be a great fraud to allow him to retain the possession acquired under a contract, and at the same time repudiate and avoid the contract. If a contract is to be rescinded, the parties should be restored to their original rights. The evidence did not show that the plaintiff's title had expired. The judgment was against Stanton, and the premises were sold as his property. It was not a purchase under a judgment against the plaintiff. It may be that the title acquired under the judgment was superior to that of the plaintiff; but that question cannot be determined in this suit if the relation subsisted between the parties which the excluded evidence indicated. The defendant cannot set up that title against the plaintiff until he has surrendered the possession. When that is done, the relation between them will become *functus officio*, and he may then attack the title under which he originally entered into possession.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*