## James Franklin

### *v.*

## E. H. Palmer *et al.*

1. Redemption *by a judgment creditor—and subsequent quitclaim deed by the debtor to a third person.* A judgment debtor, whose land had been sold under the judgment, being unable to redeem within the twelve months, confessed a judgment in favor of a third person, with the understanding that he should redeem the premises as a judgment creditor, and give the debtor further time to redeem. The judgment creditor redeemed, the premises were sold under his levy, and he became the purchaser. Subsequently, and without having redeemed, the debtor quitclaimed to another, and after he had done so, the judgment creditor, who redeemed and purchased the land, obtained a sheriff's deed: *Held*, in an action of ejectment by the grantee under the quitclaim deed against him who held the sheriff's deed, that the latter held the better title; the quitclaim deed passed no greater right than the grantor then had.

2. Ejectment—*where plaintiff only holds an equity.* Even if the judgment debtor, in such case, still had a right of redemption at the time he made the quitclaim deed, and passed the right to his grantee, it was a mere equity which would not authorize the holder of it to recover in ejectment.

3.  TENANT DENYING LANDLORD'S TITLE.  And even if the defendant in such action of ejectment, originally entered upon the premises as the tenant of the judgment debtor, that fact would not preclude him from asserting his title derived under the judgment against his landlord, against the grantee of the landlord under the quitclaim deed.

4.  When the landlord conveys his title to his tenant, the latter is not bound to restore possession to his landlord, and then resort to an action to regain possession.  By receiving the deed, the relation of landlord and tenant ceases, and the latter then holds as grantee.

5.  So when a landlord conveys to a stranger, the tenant is not bound to restore possession to his landlord, but may attorn to the grantee, and in so doing, he fully recognizes the landlord's title ; and if afterwards sued by his former landlord for possession, he may set up the deed of such landlord, to defeat a recovery.

6.  And it does not matter, whether the landlord makes a voluntary conveyance, or, as in this case, the premises were sold under execution against the landlord, so the title of the landlord is divested.

APPEAL from the Circuit Court of De Witt county; the Hon. JOHN M. SCOTT, Judge presiding.

The opinion states the case.

Mr. C. H. MOORE, for the appellant.

Mr. E. H. PALMER, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action of ejectment, brought by appellees, in the De Witt Circuit Court, against appellant, to recover a lot of ground in the town of Clinton.  It appears that David May purchased the lot as early as in 1855, and occupied it several years, but subsequently removed to a farm.  At the March term, 1858, of the De Witt Circuit Court, one Weaver obtained a judgment against May for $136 and costs, and the lot was sold under this judgment in November of that year. May, being unable to redeem, applied to Lewis to have him

redeem, and to enable him to do so, he confessed a judgment after the expiration of twelve months from the sale, before a justice of the peace and in favor of Lewis. An execution was issued, and returned, no property found; a transcript was taken from the justice's docket and filed in the office of the circuit court; an execution was issued upon it, which was placed in the hands of the sheriff and levied upon the lot, and it was sold and purchased in by Lewis, and was never redeemed.

It was agreed between May and Lewis, before the redemption was made, that the former should have time within which to redeem from the sale. On the 21st of October, 1865, May, without having previously redeemed the property, conveyed it by a quitclaim deed to appellees, and they brought this suit to recover the property, at the November term, 1865, of the De Witt Circuit Court. On the 14th day of May, 1866, Lewis received a sheriff's deed for the lot in controversy. It appears that appellant was in under Lewis, and relied upon his title as a defense. On the trial below, the court found the issues for plaintiffs and rendered a judgment in their favor, from which defendant has prosecuted an appeal to this court.

It will be observed, that both parties in this case, derive title from the same source, and it is not traced to the government. Appellees by a conveyance executed by David May, and appellant under a sale under execution against May. We are unable to perceive any objections to the validity of Lewis' legal title. His judgment seems to have been valid against May, and so far as this record discloses, his execution, sale and sheriff's deed were regular and transferred all the title May held to him; and this sale having divested May of his legal title, he had nothing to convey to appellees. They, by the quitclaim deed, could acquire no greater or better title than he held when the conveyance was made, as the judgment, execution and the certificate of purchase by Lewis were notice with which they were chargeable when they purchased.

If it were admitted that May still had a valid right of redemption when he conveyed to appellees, and they acquired that right, it would be a mere equity, and it could not be set up in an action of ejectment to defeat the legal title. In such a case their only remedy would be in a court of equity. By the action of ejectment, legal rights are alone tried, and hence, even if appellees have an equitable right to redeem, it could not defeat the legal title which Lewis holds, and under which the tenant was in possession, who has the right to invoke its aid to defeat a recovery by appellees; but whether appellees have such an equity as would entitle them to relief is not raised upon this record, and is therefore not decided. It will be time enough for its consideration when it is presented on a bill seeking to redeem and to compel Lewis to convey to appellees.

Nor does the rule that a tenant cannot deny the title of his landlord, or set up an outstanding title to defeat a recovery by his landlord apply in this case. Even if Lewis had originally acquired possession of the premises, as the tenant of May, and afterwards let appellant in under him, the rule does not apply, because he does not dispute the title under which he entered, nor is he invoking a title adverse to that of his landlord to defeat that title; he is relying upon the title under which he entered to protect his possession, and that he may invoke it, when vested in himself or his landlord, for that purpose, there can be no question.

When the landlord conveys his title to his tenant, the latter is not bound to restore possession to his landlord and then resort to an action to regain possession. By receiving a deed from his landlord, the relation of landlord and tenant ceases, and the tenant then is in and holds as grantee, and he is in under the same title under which he entered. When a landlord conveys to a stranger, the tenant is not bound to restore possession to his landlord, but may attorn to his grantee, and in doing so he does not dispute his landlord's title, but fully recognizes and submits to it, and after such a conveyance the tenant may attorn to the grantee, and if sued by his former

landlord for possession he may set up his deed to his grantee to defeat a recovery. The landlord becomes as fully estopped by such a conveyance, as was the tenant by receiving the lease under which he entered. Appellant had a right to show that the landlord had conveyed the title under which he entered to himself or another, and that he, or his grantees, were estopped, to assert the title against him, when he was in under the first grantee of the landlord.

It cannot matter whether the landlord makes a voluntary conveyance or the premises are sold under execution against the land, so that the title is effectually passed. In this case, Lewis purchased under execution and acquired May's title, and appellant was in possession under Lewis and that title, and this sheriff's sale and deed estopped May or his subsequent grantees from insisting that appellant was their tenant. He had a right to invoke May's title which passed by the sheriff's sale to his immediate landlord, to protect his possession against May or subsequent purchasers from him.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*