## LOUISIANA ST. JOHN

*v.*

## WILLIAM QUITZOW.

1. LANDLORD AND TENANT—*when tenant may dispute landlord's title.* As a general proposition, a tenant can not dispute his landlord's title, but he may show it has terminated either by its own limitation or by his own conveyance.

2. CONVEYANCES—*reservation of right to streets.* Where the owner of property which is platted in lots and streets sells a lot, and reserves the right to vacate the streets, it is equivalent to a reservation of all his title thereto, and the purchaser of the lot will not acquire title to any part of the street on which it abuts, in case it is afterwards vacated.

3. SAME—*when the law vests fee in city, purchaser takes no title.* Where the law vests the fee of streets in the municipality, the purchaser of a lot abutting on a street takes no interest in the street, other than what he has in common with the public; and if the street is afterwards vacated, the fee will return to the original proprietor.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. G. KŒRNER, for the appellant.

Mr. WILLIAM H. UNDERWOOD, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The premises sought to be recovered in this action, constituted a part of an old street in the town of St. Clair, except three feet, included in lot 63. The street has long since been vacated. In 1859, appellant, claiming to be the owner of the

entire property covered by the town plat, leased a portion
of it to August Myer, which lease embraced that part in con-
troversy.    Proof was made of the assignment of that lease to
appellee, and that he entered into possession as the tenant
of appellant.    It is on the strength of that title that she seeks
to recover.

The defense appears to be rested on the ground that, in 1863,
appellant sold certain lots in the old town of St. Clair to Ran-
tenberg and Orbike, including lot 63, on the corner of Third or
Main street and Broadway.    By virtue of this conveyance, the
parties claim to the centre of what was Main street.    If this
right can be maintained, it would include the strip of land in
dispute between the parties.

The town of St. Clair was originally laid out by John L. St.
John.    Perhaps as early as 1842, the proprietor and one Da-
vidson undertook to vacate the entire town plat.    By virtue
of an act of the legislature, passed in 1867, appellant did vacate
some of the streets in the old town, and made a new plat of the
grounds.    These grounds were contiguous to East St. Louis,
and now constitute a part of that city.    The vacating of the
old streets and the making of the new plat, as done by appel-
lant, was by the consent and approval of the city authorities.

It is insisted that appellee, having entered into possession
of the premises as the tenant of appellant, can not now dispute
her title.    As a general proposition, a tenant can not dispute
his landlord's title, but he may show it has terminated either
by its own limitation or by his own conveyance.    This doctrine
is fully settled by the cases in this court.    *Tilghman* v. *Little*,
13 Ill. 239; *Franklin* v. *Palmer*, 50 Ill. 202.

Appellee may, therefore, rightfully defend, notwithstanding
he was her tenant, as to all that portion of the leased premises
to which he can show appellant has parted with her title by
her voluntary act.    The tenement occupied by appellee lapped
over three feet on to lot 63, as designated on the plat.    He
purchased this strip of land from Rantenberg and Orbike, and
now claims in his own right to the centre of what was Third or
Main street, the same having been vacated.    The only question

in the case is, whether he can maintain his title to the centre of the vacated street.    We are of opinion he can not.

Appellant never parted with her interest to the centre of the street, and without an express grant it did not pass with the conveyance of lot 63.    She expressly reserved the right in the deed to vacate the streets, which is equivalent to a reservation of all her title thereto.

But there is another view that may be taken.    The law, at the date of these transactions, vested the fee of the streets in the municipality.    The lot owner took no interest under his deed in the street, other than what he had in common with the public.    The limits of his lot were his boundary, beyond which his title did not extend.    Hence, if the street was vacated, the fee returned to the original proprietor.    There is nothing in the facts of this case to change the general rule of law.

It is contended, that when the street was vacated, in 1869, by consent of appellant, appellee, as her grantee, being the owner of three feet off lot 63, bounded by Main street, was entitled, under the act of 1865, to hold to the centre of the street. This proposition, in our view of the law, is untenable.    Whatever rights appellant may have had in the premises, could not be divested by direct legislative action.    But the law itself contained a proviso: "unless otherwise specially provided in the act vacating the same."    The act of the General Assembly, passed in 1869, under which the vacation was made, with the subsequent approval of the authorities of the city of East St. Louis, provided otherwise.    The new streets were dedicated upon condition the fee in the streets and alleys vacated should vest in appellant.

Appellee has failed to show, that whatever title was in appellant at the date of the lease to Myer, under which he went into possession of the premises, has been extinguished by operation of law, or by any conveyance on her part.    He has, therefore, shown no reason why he should not surrender the premises to his landlord.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*