### WILLIAM CARSON

### V.

### WILL S. CABEEN AND TOM A. MARSHALL, ADMINISTRATORS.

*Warranty Deed—Claim Against Grantor for Breach of Warranty—Covenants Do Not Cover Title or Incumbrance Owned by Grantee.*

Where a grantee in a warranty deed holds a title or incumbrance on the real estate conveyed, he can not set up an outstanding title in himself, or an incumbrance which he may own as a breach of the covenants of the deed. *So held* in a case where the grantee was also the sub-lessee of a lessee of his grantor, and sought to claim against his grantor the amount of rent he had been compelled to pay to his lessor.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding.

Carson v. Cabeen.

Mr. JAMES M. WILSON, for appellant.

Messrs. PEPPER & SCOTT, for appellees.

MR. JUSTICE LACEY. This was a claim filed against the estate of T. B. Cabeen, of which appellees were administrators, of $151.88, being damages claimed as accruing to appellant on account of breach of covenant of a warranty deed. The deed in question was given by said deceased in his lifetime, to wit, November 24, 1883, to E. D. Rand, as trustee for the Keithsburg Lumber Company, composed of the said Rand and the appellant, Wm. Carson, for a certain lumber yard and lots on which it stood. The deed contained the general covenants of warranty, including warranty against incumbrances. The deed was, in legal effect, a conveyance to the said lumber company. The breach of warranty, if any occurred, was as follows: On the first day of June, 1882, Thomas B. Cabeen, appellee, intestate, leased to Francis Duffy for a term of five years from that date, the realty in question, at an annual rental of $5 and taxes. Under this lease Duffy went into possession and so continued down to and including March 22, 1883. On that date the same realty was leased to the Keithsburg Lumber Co., consisting of E. D. Rudy, since deceased, and appellant, for a term of five years from that date, at an annual rental of $40, the lease being executed by Thomas B. Cabeen and Francis Duffy, party of the first part. The original lease to Duffy contained a clause prohibiting Duffy from underletting or assigning it without the consent of the lessor. The lease to the lumber company ran about a year longer than the Duffy lease and was signed by both Duffy and Cabeen, as was claimed by Cabeen to show that he gave his consent to the subletting, and also as may be supposed to continue the lease beyond the time the Duffy lease was to run. It appears from the evidence that at the August term, 1890, of the Circuit Court, Francis Duffy and the administrators of the estate of T. B. Cabeen, deceased, the appellees therein, com-

menced a suit in attachment against the appellant, surviving partner of the lumber company, for the sole use of Duffy, to recover the amount due to Duffy on his lease to the Keithsburg Lumber Company according to its terms, for the time Duffy's lease from Cabeen ran, to March 22, 1887, the appellees claiming no interest in the proceeds of the litigation, but that they only joined in the suit because T. B. Cabeen, deceased, signed the lease and his name was necessary to recover in an action at law. The plaintiffs in the attachment suit recovered $151.88 and costs, amounting to $20.85, which was duly paid by the appellants, together with $20 attorney's fee, which he laid out in defending the said suit. No part of the money due Cabeen under the Duffy lease or the amount due Cabeen for the time after the expiration of the Duffy lease to the lumber company, was included in the recovery.

The above amounts are sought to be recovered in this action as damages accruing to the appellant on account of the supposed breaches of warranty of the said deed from T. B. Cabeen to Rand in trust for the Keithsburg Lumber Co., as before stated. Appellant's counsel argues at considerable length that at the time Cabeen executed his deed to Rand, the lease from the former to Duffy, and also from him and Duffy to the Lumber Co., became merged in the title conveyed in the said warranty deed, under the rule that when a landlord conveys to his tenant, the lease is extinguished and the latter holds as grantee; citing Franklin v. Palmer, 50 Ill. 202, and Hardin v. Forsyth, 99 Ill. 312. He also argues from the facts, that such must have been the intention. Counsel fails to draw any deduction from this argument, and we are left without light as to how such a fact, if true, could assist the appellant in this case. If the argument proves anything, it proves that appellant had a good defense to the attachment suit of Duffy and appellant for the use of Duffy against him. If that be so, that defense should have been made in that suit. Not having done so the appellant is estopped to deny the rightfulness of that recovery. And we also think appellees should be estopped to now insist that

Duffy had no cause of action, as inconsistent with their attitude in the said attachment suit. For the purposes of this suit we must regard the warranty deed from Cabeen to the Lumber Co. as not passing the rights of Duffy, or of Cabeen and Duffy for use of Duffy, under their lease to the company. The recovery was based on the fact that Duffy had subsisting rights under the lease to and from himself after the warranty deed from Cabeen to the company. We must in this suit regard it as established as though Cabeen had never been a party to the lease from Duffy and himself to the Lumber Co. In such case there could have been no merger of Duffy's rights in the deed subsequently made by Cabeen above mentioned. The important question in this case is, was there any breach of any of the covenants of warranty in the deed of November 24, 1883, of T. B. Cabeen and wife to Rand, in trust for the Keithsburg Lumber Co., for the realty in question. If so, then the appellant would have the right of recovery; if, on the contrary, there has been no breach of any such covenants, he has no such right.

In regard to this question we must consider the law applicable to a case like this. It appears to be a well settled rule that where a grantee in a warranty deed himself holds a title or incumbrance on the real estate conveyed, to a whole or a part of it, he can not set up an outstanding title in himself, or an incumbrance which he may own, as a breach of the warranties in the deed. And so in Smiley v. Fries, 104 Ill. 416, it was held that "covenants of warranty only extend to a title existing in a third person, which may defeat the estate granted by the covenantor." "They do not embrace a title already vested in the covenantee." See also, Furness v. Williams, Adm'r, 11 Ill. 229; Beebe v. Swartwout, 3 Gil. 162, and cases there cited. In this case, at the time of execution of the warranty deed in question, there was no outstanding title to any interest in the land except that held by the Keithsburg Lumber Company itself. They had a valid lease from Duffy for the entire term for which he held, which was, in effect, a full and complete conveyance of all Duffy's interest acquired from Cabeen. It

is true, rent was reserved at the rate of $40 per annum, which the Lumber Company had agreed to pay, an incumbrance that the company themselves had placed on the land. When they satisfied it the land was free, and the entire title was complete in them. Suppose, instead of asking credit of Duffy for the lease acquired from him the company had paid for it in full; could there be any pretense, under the rule of law as above quoted, there could have been any breach of either the covenant for seizin or against incumbrances? So it will be seen that the mere circumstance that the company obtained credit for the lease from Duffy, could make no difference as regards the principle governing the case. There being no breach of the covenants, or any of them, contained in the warranty deed in question, the finding of the court below was correct.

The judgment of the court below is affirmed.

*Judgment affirmed.*