## MARGARET J. KEYS *vs.* THADDEUS FORREST ET AL.

*Tenant May Show That Landlord's Title Has Been Defeated by a Tax Sale—Cloud on Title—Conspiracy to Bring About a Tax Sale.*

Although a tenant cannot dispute his landlord's title, he may show that the title has expired or been defeated, and to that end he may show that the landlord's estate in the premises has been sold at a tax sale.

A bill in equity filed by the owner of a rent and reversion under a lease for ninety-nine years alleged that the lessee, who had assigned his interest but held a mortgage on the property, conspired with the other defendants to deprive the plaintiff of the fee-simple interest by non-payment of the taxes covenanted in the lease to be paid, in consequence whereof the entire property, including both the fee and leasehold estates, had been sold for taxes, purchased at the tax sale by one of the defendants and by him conveyed to the lessee's sister,

and that plaintiff had been kept in ignorance of the sale by the con-
tinued payment of ground-rent.   The prayer of the bill was that the
tax sale be declared null and void for lack of conformity with the
statute and that all the deeds be vacated as a cloud upon plaintiff's
title.   *Held,*

1st. That the bill cannot be maintained by the plaintiff as one to re-
move a cloud from title because she was not in possession of the
property, but her remedy would be by an action of ejectment.

2nd. That the evidence failed to establish the charges of fraud and
conspiracy on the part of the defendants.

Appeal from a decree of the Circuit Court of Baltimore
City (WICKES, J.), dismissing the bill of complaint.

The cause was argued before McSHERRY, C. J., FOWLER'
PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*William H. Dawson* for the appellant, submitted the cause
on his brief.

*Howard Bryant* (with whom was *Chas. A. Briscoe* on the
brief), for the appellees.

PEARCE, J., delivered the opinion of the Court.

The appellant was the owner of the fee in the premises
now in controversy, on July 14th, 1868, and on that date
executed to Thaddeus Forrest, one of the appellees, a lease
of the premises for ninety-nine years, reserving a yearly
ground-rent thereon of $40.    On the same day Forrest
assigned his leasehold estate therein to Thomas M. Norris,
trustee, under a decree of the Circuit Court for Baltimore
City, who was authorized to employ certain trust funds in
his hands in the purchase of these premises subject to said
ground-rent, and to execute to said Forrest a mortgage for
$788.24 loaned by him to said trustee to enable him to
complete such purchase—which was thus made and the
mortgage was duly executed.    The State and city taxes
upon this property for the year 1894 being in arrears, the
property was sold at public auction Dec. 17th, 1895, for
the payment of these taxes, by Lewis N. Hopkins, collector

to Wm. E. Croswell.    This sale was duly reported to, and
ratified by the Circuit Court of Baltimore City, and on April
22nd, 1897, John F. Parlett, then collector, in pursuance
of the ordinances of the Mayor and City Council, con-
veyed the fee to said Croswell, who in turn, on Aug. 12th,
1897, conveyed the same to Hattie V. Forrest, one of the
appellees, a sister of Thaddeus Forrest.    On March 17th,
1898, this bill was filed by the appellant for the purpose of
removing the cloud claimed to be cast on her title by the
tax sale and the conveyances mentioned.

. The bill charges that the appellant was on July 14th,
1868, seized in fee of said premises, and being so seized,
executed the lease above mentioned by which Thaddeus
.Forrest convenanted for himself and his assigns to pay said
ground-rent and all taxes on the premises, when the same
should be payable, but that the said Thaddeus Forrest com-
bined and conspired with the other appellees, Wm. E. Cros-
well and Hattie V. Forrest, to cheat the appellant out of
her fee-simple estate in the premises by neglecting and fail-
ing to pay the taxes thereon, and by causing the tax sale to
be made as has been stated; that appellant had no knowl-
edge of said tax sale or of said conveyances until Feb. 8th,
1898, when she applied to Thaddeus Forrest for the rent
in arrear, and then learned of said sale, and that she had
been kept in ignorance of the sale by the continued pay-
ment of said ground-rent up to Dec. 3rd, 1896, by said
Thaddeus Forrest, after said sale had been ratified.    The
bill further alleged that the tax sale was void by reason of
failure to comply with the statute regulating such sales, and
prayed that the sale be declared null and void, and that all
the deeds mentioned be declared clouds upon her fee-simple
title and be set aside, and for such other relief as might be
granted.

There is no averment that the appellant was in possession
at the time the bill was filed.    It would therefore have been
demurrable, if that course had been taken.    Answers how-
ever were filed by all the appellees denying all fraud, com-

bination or conspiracy, and alleging the tax sale to be valid and regular. It appears from the testimony that the appellant was not in possession when the bill was filed, and even if it had been averred she was, the bill could not have been maintained without clear proof of both possession and legal title in the appellant. The proceedings under the tax sale are not in the record, and are, therefore, not before us ; but if they were, and if defective and irregular as the appellant alleges, her remedy would be by action of ejectment. *Textor* v. *Shipley*, 77 Md. 475.

We have carefully read all the testimony and we fully agree with the learned judge who dismissed the bill, that the record absolutely fails to sustain the charge of fraudulent combination or conspiracy, and we may add that unless we are to substitute conjecture or suspicion for proof, the record equally fails to support any charge of fraud or questionable conduct on the part of Thaddeus Forrest alone.

It is contended by the appellant, however, that her title as landlord, which existed at the time Thaddeus Forrest entered under her, has not expired by effluxion of time, and that as Hattie V. Forrest, the present owner of the property, was one of his equitable assignees, that she became and is still bound by the covenents of the lease, to pay the rent, and cannot defeat the appellant's title by the failure to perform duties and discharge liabilities thus imposed on her. To this, it might be sufficiently replied, that the only person bound by the covenants of the lease, was the trustee as the legal assignee of Thaddeus Forrest, Hattie V. Forrest having no beneficial interest even until the death of her mother, who has the whole beneficial interest during her life. But even if Hattie V. Forrest in her own right stood in the place of the trustee, we could not accede to the appellant's contention.

In *Presstman* v. *Silljacks*, 52 Md. 657, the right of the tenant in such case to dispute the landlord's title is considered, and the English and American authorities were reviewed, and it was held that the tenant should be " per-

mitted to show that his landlord's title has expired, or been transferred or *defeated.*" As said by JUDGE SHARSWOOD in *Duff* v. *Wilson*, 69 Pa. 316 : "It is always competent for a tenant to set up that the title of his landlord has come to an end subsequent to the date of the lease ; and that whenever the enjoyment ceases by lawful title, rent, which is the recompense of enjoyment, also ceases."

When the taxes for 1894 were duly levied, they became liens on this property.   "The title of the appellant to the reversion was subject to the lien, and when the lien was legally enforced, the title of the appellant in the reversion, and the title of owner of the term of years were both gone. The legal effect of the tax sale which was reported to, and ratified by the Circuit Court, was to vest, *prima facie*, the fee-simple title in the purchaser and his grantees.".   *Textor* v. *Shipley*, 77 Md. 476.    The decree will be affirmed with costs above and below.

*Decree affirmed.*

(Decided November 24th, 1899).