James W. Beach, Appellee, v. H. Boettcher, Appellant.

Gen. No. 42,900.

Opinion filed May 2, 1944.

SCOTT, MACLEISH & FALK, of Chicago, for appellant; ROBERT S. CUSHMAN and JOSEPH A. DUBBS, both of Chicago, of counsel.

EUGENE C. JACHIMOWSKI, of Chicago, for appellee; EUGENE K. LUTES, of Chicago, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

In an action of forcible entry and detainer, tried by the court without a jury, judgment for possession was entered in favor of plaintiff, from which defendant has taken an appeal.

The statement of claim merely alleged that plaintiff was entitled to the possession of the premises known as 3121 West Moffat street, Chicago, and that defendant unlawfully withheld possession thereof from plaintiff. No claim was made for unpaid rent. Defendant's answer, after denying the allegations in the statement of claim, averred:

"2. On November 15, 1940 defendant entered into a lease of the premises described in the statement of claim with Edith Beach and the plaintiff James W. Beach as lessors for a term of nine months commencing on December 1, 1940 and ending October 1, 1941 at a monthly rental of $27 per month. Upon the expiration of said lease, defendant, by agreement with the plaintiff and Edith Beach, continued to occupy the premises on a month to month basis at the same rental as that provided in the expired agreement, and defendant still occupies said premises on that basis. Neither the lease nor any other agreement required defendant

to pay the taxes extended against the real estate in which the demised premises are situated. Neither plaintiff nor any one on his behalf, nor any one on behalf of the owner or owners of said premises, paid the taxes for the year 1939 extended against the real estate in which the demised premises are located and said real estate was sold to Interstate Bond Company, a corporation, on August 13, 1940 and a certificate of purchase duly issued to said corporation therefor. Said Interstate Bond Company likewise paid the balance of the 1932 and 1938 taxes which were delinquent upon said real estate and likewise paid the taxes extended against said real estate for the years 1940 and 1941. Neither plaintiff nor any one on his behalf, nor any one on behalf of the owner or owners of said real estate, redeemed said real estate from said tax sale and upon compliance by the purchaser with all requirements of law relating thereto, on July 14, 1943 Michael J. Flynn, County Clerk of Cook County, Illinois duly executed a tax deed conveying title in fee simple to the following described parcel of real estate:

"Lot 26 in Subdivision of Block 4 of Nils F. Olson's Sub of all that part lying West of Clarkson Avenue of NW–¼, SW–¼, Section 36, Town 40 North, Range 13, East of the Third Principal Meridian, situated in the County of Cook and State of Illinois; being the real estate in which the demised premises are located, unto said Interstate Bond Company, which deed was duly recorded with the Recorder of Deeds on July 15, 1943 as Document No. 13107999 in Book No. 38429, page 362 of Records. Plaintiff is advised on July 15, 1943 the said Interstate Bond Company duly conveyed said premises to J. H. Miller of the City of Chicago, County of Cook and State of Illinois, which deed has not yet been recorded with the Recorder of Deeds.

"3. Upon the conveyance of said real estate by Michael J. Flynn, County Clerk of Cook County, to

Interstate Bond Company, plaintiff ceased to have any right to possession of the premises described in the statement of claim. Plaintiff has no right to make a demand for possession of said premises and has no right to maintain this action.

"4. While not legally required to do so, as an evidence of good faith, defendant hereby offers to pay the rent reserved in the lease of the demised premises unto the Clerk of this Court until plaintiff reacquires the outstanding title, or until the Interstate Bond Company or J. H. Miller, its grantee, establishes its or his rights thereto, or until this court shall order the same returned to this defendant."

When the cause was reached for trial the parties agreed that rent for the month of July 1943 had not been paid and that plaintiff had duly served upon defendant a demand for possession as required by law. The court thereupon stated that the allegations of paragraphs numbered 2, 3 and 4 of defendant's answer attempted to raise a title question which could not be litigated in an action of forcible entry and detainer, that the facts set forth in the answer did not constitute a defense to plaintiff's cause of action, and without any hearing, entered judgment in favor of plaintiff for possession of the premises. Under the procedure followed by the court, the material averments of the answer must be taken as true.

In support of the judgment plaintiff relies principally on the generally accepted rule that a tenant is estopped to deny the title of his landlord, and that forcible entry and detainer being a civil remedy for possession, title to the premises may not be inquired into. The court evidently adopted that theory in deciding the case and failed to take into account decisions in Illinois and elsewhere which hold that the general rule with respect to estoppel by deed, is subject to the exception that a tenant may show the real estate has been conveyed subsequent to the execution

of the lease, either voluntarily by the landlord or by operation of law. That exception, referred to by some authorities as "estoppel by lease," was first enunciated by the Supreme Court in *Wells v. Mason,* 5 Ill. (4 Scam.) 84 (1842), as follows: "For although a lessee cannot deny his lessor's title, but is estopped by his deed (2 Ld. Raymond 1550; 5 Eng. Com. Law R. 178), yet he may show that he had but a limited interest which has determined, as was done in *Hill v. Saunders* [10 Eng. Com. Law R. 402], before cited." Subsequently in 1851 the Supreme Court in *Tilghman & West v. Little,* 13 Ill. 239, elaborated on the circumstances under which the exception may be invoked as follows: "But the tenant may show that the title of the landlord has terminated, either by its original limitation, or by a conveyance to himself or a third person, or by the judgment and operation of law. If the landlord transfers the estate, the allegiance of the tenant is due to the grantee. If the estate is vested in a third person by operation of law, the tenant holds the possession subject to the title of such person. The tenant may purchase in the premises under a judgment against the landlord, and set up the title thus acquired in bar of an action brought against him by the landlord. In such cases the relation of landlord and tenant becomes dissolved, and the latter no longer holds the premises under the former. *England v. Slade,* 4 Durn & East, 682; *Jackson v. Davis,* 5 Cowen, 123; *Jackson v. Rowland,* 6 Wend. 666; *Gregory's Heirs v. Crabb's Heirs,* 2 B. Monroe, 234; *Nellis v. Lathrop,* 22 Wend. 121 [and citing, in a footnote, *Wells v. Mason,* 4 Scam. R., 90]." *Franklin v. Palmer,* 50 Ill. 202, decided in 1869, *St. John v. Quitzow,* 72 Ill. 334 (1874), and *Hardin v. Forsythe,* 99 Ill. 312 (1880), are to the same effect.

Still later, in *Corrigan v. City of Chicago,* 144 Ill. 537 (1893), Illinois decisions and English cases upon the subject were again reviewed, and in discussing the

law of estoppel by lease and the right of a tenant to show that the landlord's title had been conveyed or terminated, the court said: "The doctrine is well established, that although the lessee can not show that his lessor had no title to the premises *when the tenancy began, he may show that he had a limited estate only, which was determined by its own limitation before the cause of action accrued,* as where he held the estate for the life of another, or the like, which expired during the term [citing cases]; or that he had sold and conveyed the land, or has been evicted by title paramount, or that his title has been sold under execution and conveyed. [Citing *Franklin v. Palmer,* 50 Ill. 202, *Tilghman v. Little,* 13 Ill. 239, and other authority.] *This rule applies whether the action be for the recovery of the premises, or for rent accrued after the extinguishment of the landlord's title,* (Taylor's Landlord and Tenant, sec. 627–708, and cases cited); and whether the estoppel sought to be set up arises *in pais,* or by deed. The estoppel *in pais* arises, if at all, because of the tenant's having entered under the title at the beginning of the lease. This he admits. But it is not inconsistent therewith to plead and prove that such title has subsequently expired. And so where the estoppel is by deed, 'the rule is well settled that a tenant is not allowed to dispute his landlord's title after having accepted possession under him. . . . *A lessee may, however, plead that, although the lessor had an interest in the premises at the time of making the lease, his interest terminated before the alleged cause of action arose.*' [Citing cases.] . . . *It would seem, therefore, that where the title of the landlord is extinguished in the whole estate during the term, the liability of the tenant to pay rent also ceases: and that in any action brought by the landlord for the rent accrued after the termination of his estate, the tenant may plead such termination in defense."* (Emphasis ours.) Recent decisions have followed the earlier cases.

(*Spafford v. Hedges,* 231 Ill. 140, and *Mitzlaff v. Midland Lumber Co.,* 338 Ill. 575.)

Defendant's counsel call our attention to the fact that although no cases have reached the reviewing courts of this state involving an attempt to assert an estoppel by lease where the subsequent conveyance of the landlord's title was by *tax deed,* such cases have been decided by courts of review in other states, and the defendant has been held not estopped by his lease to show the conveyance by tax deed. It was so held in *Keys v. Forrest,* 90 Md. 132, 45 Atl. 22, where, in disposing of a claim that the tenant was estopped to dispute the landlord's title which had been sold for nonpayment of taxes, the court said: "In *Presstman v. Silljacks,* 52 Md. 657, the right of the tenant in such case to dispute the landlord's title is considered, and the English and American authorities were reviewed, and it was held that the tenant should be 'permitted to show that his landlord's title has expired, or been transferred or *defeated.*' As said by Judge Sharswood in *Duff v. Wilson,* 69 Pa. 316: 'It is always competent for a tenant to set up that the title of his landlord has come to an end subsequent to the date of the lease; and that whenever the enjoyment ceases by lawful title, rent, which is the recompense of enjoyment, also ceases.' When the taxes for 1894 were duly levied, they became liens on this property. 'The title of the appellant to the reversion was subject to the lien, and when the lien was legally enforced, the title of the appellant in the reversion, and the title of owner of the term of years were both gone. The legal effect of the tax sale which was reported to, and ratified by the Circuit Court, was to vest, *prima facie,* the fee-simple title in the purchaser and his grantees.' *Textor v. Shipley,* 77 Md. 476. The decree will be affirmed with costs above and below." *Twardus v. Crewson,* 182 Wash. 522, 47 P. (2d) 829, and *Teich v. Arms,* 5 Cal. App. 475, 90 Pac. 962, also discuss the question with like conclusions.

As an additional ground for reversal, defendant contends that plaintiff had no right to institute an action of forcible detainer after the county clerk had conveyed the demised premises by tax deed to Interstate Bond Company, and cites section 14 of the Landlord and Tenant Act (Ill. Rev. Stat. 1943, ch. 80 [Jones Ill. Stats. Ann. 72.01 *et seq.*]) as authority for his contention: ''The grantees of any demised lands, tenements, rents or other hereditaments, or of the reversion thereof, the assignees of the lessor of any demise, and the heirs and personal representatives of the lessor, grantee or assignee, shall have the same remedies by entry action or otherwise, for the non-performance of any agreement in the lease, or for the recovery of any rent, or for the doing of any waste or other cause of forfeiture, as their grantor or lessor might have had if such reversion had remained in such lessor or grantor.'' The foregoing section is based upon the English Statute of Covenants (32 Henry VIII, ch. 34, sec. 1), which was adopted in Illinois by legislative enactment. *Fisher v. Deering,* 60 Ill. 114 (1871). The obvious meaning of section 14 is that upon a conveyance of the reversion, the grantee shall succeed to the rights of the lessor under the lease, including the right to institute an action to recover possession of the demised premises, and it would logically follow that after a conveyance of the reversion the lessor no longer has any right to bring such action. Defendant's counsel say that although no cases have arisen in Illinois applying the foregoing principles to situations where a lessor, after the issuance of a tax, master's or sheriff's deed conveying the reversion to a third party, has attempted to recover possession from a tenant in a forcible detainer action or to recover against a tenant for subsequently accruing rent, such cases have arisen in other states, and in substantially every instance where judgment was entered against the tenant, reversal was had in the reviewing court.

An examination of the cases cited indicates that such was the fact in *Sherman v. Spalding,* 126 Mich. 561, 85 N. W. 1129, which is precisely in point, and cites several cases to the same effect, including *Keys v. Forrest,* 90 Md. 132, 45 Atl. 22. The same principle is applied where the lessor's title has been sold to a third person at an execution sale and the lessor attempts to recover rent, possession, or both, from the tenant after the sheriff's deed has been issued to the third party. *Smith v. Crosland,* 106 Pa. 413; *Lancashire v. Mason,* 75 N. C. 455.

In reply to these various propositions of law, plaintiff first argues that a mere tax deed, unsupported by other sufficient evidence of its validity, is not proof of title. That contention is untenable under the circumstances presented, because the case was tried upon the pleadings, the court holding as a matter of law that the allegations of paragraphs 2, 3 and 4 of defendant's answer did not constitute a defense to plaintiff's cause of action. In effect, the trial court, *sua sponte,* made and sustained a motion for judgment for the plaintiff on the pleadings, and thereby assumed the averments of the answer as true. Indeed, if they were not, there is absolutely nothing in the record to show that defendant had ever been plaintiff's tenant or that plaintiff had any rights at all in the premises, because the facts with respect to the existence of a lease, the length of its term, the monthly rent, and all the other undisputed facts, appear only in the averments of defendant's answer, and plaintiff cannot justifiably treat a portion of the allegations of the answer as true for the purpose of this appeal, and refuse to give the same effect to the remaining averments. The specific contention that the judgment should be affirmed because defendant failed to offer in evidence and to incorporate in the record the original of the tax deed or a certified copy thereof, may be briefly disposed of by stating that he had no opportunity to do so.

It is further urged that there is no proof as to the validity of the tax deed, and plaintiff's counsel argue that the averment of the issuance of the deed to a third party and its subsequent recordation, does not satisfy the statutory requirement pertaining to notice of the expiration of the period of redemption and the filing of a proper affidavit (Ill. Rev. Stat. 1943, ch. 120, secs. 263 and 265 (pars. 744 and 746) [Jones Ill. Stats. Ann. 119.760, 119.762].) However, the answer alleges that taxes for 1939 were not paid; that the premises were sold and a certificate of purchase issued to the purchaser who paid the balance of the delinquent taxes and likewise paid the subsequent taxes for the year 1940 and 1941; that the premises were not redeemed from the tax sale; and that "upon compliance by the purchaser with all requirements of law relating thereto" (which must be fairly held to include service of notice of the expiration of the period of redemption, and the preparing and filing of a proper affidavit as provided by statute), the county clerk executed a tax deed conveying title in fee simple to the purchaser, which was subsequently recorded. These allegations set forth in sufficient detail every requirement for a valid tax deed.

In the case at bar defendant is not attempting to assert title to a third party for the purpose of avoiding payment of rent, because in paragraph 4 of his answer he offered to pay the rent reserved in the lease, to the clerk of the court until plaintiff reacquires the outstanding title, or until the purchaser or its grantee establishes its or his rights thereto, or until the court should order the same returned to defendant. He is entitled to such protection, for otherwise he might be subjected to double liability.

Since there seems to be no dispute as to the salient facts averred in defendant's answer, it would serve no useful purpose to remand the cause for further trial upon the merits. The judgment of the municipal court

is therefore reversed, and the cause is remanded with directions only that when defendant deposits the accrued rental as the court may direct, judgment be entered in his favor.

*Judgment reversed and cause remanded with directions.*

SCANLAN and SULLIVAN, JJ., concur.