*In re* ESTATE OF LESTER G. DAVIS, Deceased.—(LYNN H. HOOVER, Plaintiff-Appellant, *v.* MOLINE NATIONAL BANK, Adm'r of the Estate of Lester G. Davis, Deceased, Defendant-Appellee.)

Third District   No. 75-309

Opinion filed August 20, 1976.

Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellant.

Lloyd A. Schwiebert, of Moline, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

On December 5, 1974, appellant as landlord under a written lease agreement commencing May 1, 1971, and expiring on April 30, 1974, filed a claim for waste to the demised premises against the estate of his deceased tenant. Count II of the claim also asserted that the administrator was liable for rents in the amount of $930 for holding over through December, 1974. On January 25, 1975, the administrator filed a motion to dismiss these claims. The motion, with copies of recorded deeds attached in support thereof, asserted that claimant "has not had record title" to the leased premises since April 27, 1956, and now has "no interest, right, claim or title" thereto. The existence and authenticity of the writing was not denied. Claimant, therefore, filed a motion to strike the administrator's motion claiming only that as a matter of law, a tenant, and his personal representative, are estopped from denying the landlord's title. On August 15, 1975, claimant's motion to strike was denied, the administrator's motion to dismiss was allowed, and the claims were disallowed. Claimant appeals.

■■ In *Beach v. Boettcher*, 323 Ill. App. 79, 85, 55 N.E.2d 104 (1st Dist. 1944), cited by the administrator, the court, quoting from an earlier decision, stated:

" 'The doctrine is well established, that although the lessee cannot show that his lessor had no title to the premises *when the tenancy began, he may show that he had a limited estate, only, which was determined by its own limitation before the cause of action accrued* * * * . * * * The estoppel *in pais* arises, if at all, because of the tenant's having entered under the title at the beginning of the lease. This he admits. But it is not inconsistent therewith to plead and prove that [before the cause of action accrued] such title had subsequently expired. And so where the estoppel is by deed, "the rule is well settled that a tenant is not allowed to dispute his landlord's title after having accepted possession under him. * * * *A lessee may, however, plead that, although the lessor had an interest in the premises at the time of making the lease, his interest terminated before the alleged cause of action arose." * * * ' "*

■■ Although not so labelled, the administrator's motion to dismiss is made pursuant to section 48(i) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(i)), and purports to raise affirmative matter in bar of plaintiff's claim. The affirmative matter raised is that claimant had "no

record title" during the entire term of the lease, and as of the time of filing the motion on January 25, 1975, had no interest in the premises whatever. Besides the fact that the administrator is estopped to deny landlord's title at the commencement of the term, it seems plain that the motion to dismiss, even if all its allegations be accepted as true, does not preclude the existence of triable fact questions upon which a judgment for claimant could be predicated. The relevant question is not whether landlord, during the term of the lease had a "record title," but whether during such period when the cause of action accrued, he had any interest, whether recorded or not, which would support the lease. The motion does not assert facts in bar of the claim, for it is nowhere alleged that subsequent to commencement of the term, and before the cause accrued, the landlord's interest became extinguished. The allegation of the motion filed January 25, 1975, that landlord now has no interest whatever, is insufficient to bar a claim for rents through December 1974, for holding over.

The judgment of the circuit court was erroneous and is, therefore, reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J., concur.